COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | | |
|---|---|---|---|
| KENNETH D. McKEOUGH, | § | | No. 08-21-00026-CV |
| Appellant, | § | | Appeal from the |
| v. | § | | County Court at Law No. 3 |
| CAMELOT TOWNHOMES ASSOCIATION INC., | § | | of El Paso County, Texas |
| | § | | (TC# 2019DCV3303) |
| Appellee. | § | | |

## MEMORANDUM OPINION

Kenneth D. McKeough appeals from a traditional summary judgment granted in favor of Camelot Townhomes Association, Inc. (Camelot). McKeough filed a second appeal under cause number 08-21-00057-CV appealing the trial court's no-evidence summary judgment granted in favor of Camelot. We dismiss this appeal on our own motion and consolidate the record with cause number 08-21-00057-CV.

## I.  BACKGROUND

Camelot, a Texas non-profit corporation and homeowner's association consisting of community condominiums and townhomes, filed suit against Kenneth McKeough, an owner and resident of one of the condominiums located at 4800 N. Stanton, El Paso, Texas 79902 (the Property). The basis of Camelot's suit was to recover unpaid condominium assessment fees pursuant to the Condominium Declaration referenced in McKeough's deed. Camelot pleaded a

breach of the Declaration and petition for judicial foreclosure, alleging breach of the obligation to pay assessments and late fees as required under the Declaration. As damages, Camelot sought judgment against McKeough for specified sums and for the establishment and foreclosure of the vendor's lien retained to secure the obligations. It also sought attorney's fees and court costs.

Camelot moved for traditional summary judgment on the outstanding assessment fees and its foreclosure suit. McKeough opposed, and, after dueling responses, the trial court granted the motion. However, upon McKeough's request, the trial court granted a new trial based on COVID 19 grounds.

Camelot then filed a second motion for traditional summary judgment on the outstanding assessment fees and its foreclosure suit. Camelot attached evidence in support of its motion including: (1) the condominium declaration; (2) the warranty deed to Kenneth D. McKeough, as grantee; (3) the 2019 demand letter sent by Camelot to McKeough; (4) McKeough's interrogatory answers; (5) McKeough's supplemental interrogatory answers; (6) the affidavit of Barbara Lewis, the records custodian of Camelot and ledger; and (7) the affidavit of Camelot's attorney in support of attorney's fees. In response, McKeough amended his answer to include affirmative defenses of offset and prior material breach. McKeough then responded to Camelot's motion opposing the award of attorney's fees. Additionally, McKeough asserted Camelot was the first to breach through failure to properly repair his unit.

On November 6, 2020, the trial court signed an order granting Camelot's motion in its entirety. The trial court ordered Camelot recover the outstanding assessment balance of $8,760 from McKeough. The trial court further ordered attorney's fees in the amount of $23,890.99 and court costs in the amount of $934.77. The trial court also awarded Camelot conditional appellate attorney's fees.  Lastly, the trial court granted Camelot's petition for judicial foreclosure and ordered it could move forward with foreclosure. The trial court subsequently entered a nunc pro

2

tunc order granting summary judgment to correct the date the judgment was signed: "SIGNED this 10th day of November 2020 to be effective as of the 6th day of November, 2020." Upon motion from Camelot, the trial court then severed the summary judgment into a separate cause number.[1]

McKeough appealed.

## II. DISMISSAL

On February 4, 2021, McKeough filed notice of appeal appealing the order signed on November 10, 2020. We docketed the appeal under cause number 08-21-00026-CV. The November 10 order granting summary judgment did not dispose of all pending motions and issues, as McKeough's counter claims asserting Camelot was the first to breach the Condominium Declaration were still pending in the trial court. Soon following the November 10 order, Camelot filed a no-evidence summary judgment motion against McKeough's counter claim. The trial court then granted the no-evidence motion on February 11, 2021. McKeough filed a notice of appeal appealing that judgment on April 9, 2021, which we docketed in cause number 08-21-00057-CV.

On April 7, 2021, and June 10, 2021, this Court entered an order abating both appeals due to McKeough's pending bankruptcy filing. On October 1, 2021, this Court received notice of dismissal of McKeough's bankruptcy and reinstated the appeal. On October 8, 2021, McKeough filed an agreed motion to consolidate. In the motion, McKeough informed this Court that, on September 28, 2021, the parties executed a Rule 11 agreement in the United States Bankruptcy Court. The Rule 11 contained an agreement that McKeough would dismiss the bankruptcy suit and

---

[1] The order granting severance stated the cause of action asserted by Camelot against McKeough for unpaid assessments and suit to foreclose would be severed. The trial court stated the action would be made the subject of a separate action styled "Camelot Townhomes Association, Inc. v. Kenneth D. McKeough." However, the space for the new cause number was left blank. In Camelot's appellee brief, it stated the new cause number 2020DCV4040. Our review of the public records does show the November summary judgment was severed into 2020DCV4040. However, the appeal of the order was done under the original cause number 2019DCV3303.

would agree to consolidate the two appeals in our Court. Accordingly, McKeough requested this Court to consolidate the appeals "for purposes of judicial efficiency." We denied the motion to consolidate.

Our review of the record reveals the November 10, 2020, order was not final when McKeough filed his notice of appeal on February 4, 2021. We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute or rule. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing appealable interlocutory orders). However, McKeough's notice of appeal was prematurely filed and was deemed filed on February 11, 2021, the date the trial court disposed of all pending claims rendering the judgment final. TEX. R. APP. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.").

It was unnecessary for McKeough to later perfect appeal of the November 10, 2020, order when it became final. McKeough had, and continues to have, a right to appeal the various rulings of the trial court and the final summary judgment in the context of the appeal in cause number 08-21-00057-CV. Although we technically do have jurisdiction over this appeal, there is no reason to have a second appeal of the same judgment and rulings.

We reverse our prior decision to deny the motion to consolidate and it is hereby granted. This Court will consolidate the two above-referenced appeals for all purposes. The issues, records, and documents filed in cause number 08-21-00026-CV are consolidated into cause number 08-21-00057-CV. The consolidated appeal shall proceed under appeal number 08-21-00057-CV, and appeal number 08-21-00026-CV is hereby dismissed.[2]

---

[2] We consider the merits of McKeough's summary judgment complaints in our opinion released this same day. *See Kenneth D. McKeough v. Camelot Townhome Association, Inc.*, No. 08-21-00057-CV, (Tex. App.—El Paso Feb. 27, 2023) (mem. op.).

### III. CONCLUSION

We dismiss this appeal under cause number 08-21-00026-CV.


GINA M. PALAFOX, Justice

February 27, 2023

Before Rodriguez, C.J., Palafox, and Alley, JJ.
Alley, J. (not participating)

5